**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SEAN WESLEY ELLIS,**

*Plaintiff,*

*v.*

CAUSE NO. 3:23-CV-3021-CWR-LGI

**FAIL TELECOMMUNICATION CORPORATION, CHRISTA ALEXANDER, DONNA ALEXANDER, & ALI ALEXANDER-PHILLIPS,**

*Defendants.*

**ORDER**

Before the Court are defendants' *Motion for Partial Judgment on the Pleadings*, plaintiff's *Response*, and defendants' *Reply*. Docket Nos. 17, 26, and 31.

Upon review, the *Motion* will be granted in part and denied in part.

**I. Factual and Procedural History**

Plaintiff Sean Ellis filed this employment action against Fail Telecommunication Corporation ("FTC"), Christa Alexander, Donna Alexander, and Ali Alexander-Phillips (collectively "defendants") on October 19, 2023. He lodges six claims against them: (1) sex discrimination under Title VII; (2) age discrimination under Title VII; (3) tortious interference with contract; (4) breach of contract; (5) *McArn* wrongful termination; and (6) conspiracy. Defendants now seek dismissal of claims four and five.

The allegations that follow are drawn from Ellis's complaint. They must be taken as true for present purposes.

FTC is a family-owned and operated company. At the time the events in question occurred, FTC was owned by a revocable trust solely controlled by Dot Fail. Donna, Christa, and Ali Alexander are Fail's heirs.

Ellis has had a relationship with FTC since 2000, when he was retained as the company's attorney. Over the years, he assumed various roles with the company, ultimately rising to CEO. When he was first named CEO, Ellis continued practicing law as a partner at a Mississippi law firm. He later left private practice to became FTC's full-time CEO.

Ellis claims he had a written employment contract with FTC. The contract consisted of "numerous documents," including "a term sheet with compensation terms agreed-to by the owner, and the company handbook and policies." Docket No. 1 at 4.

On September 5, 2022, Ellis received a termination letter dismissing him without notice, cause, or explanation. He contends the Alexanders resented him and conspired to have him terminated and replaced by Christa Alexander. He says the Alexanders took advantage of Fail's declining health to feed her false and exaggerated statements about Ellis's leadership and performance. This suit followed.

**II. Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The central issue is whether the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

To state a facially plausible claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* While the Court views all factual allegations in the light most favorable to plaintiff, it will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

**III. Discussion**

Under Mississippi law, a breach of contract claim requires a showing, by a preponderance of evidence, that (1) a valid and binding contract exists and (2) defendant breached that "contract without regard to the remedy sought or the actual damage sustained." *White v. Jernigan Copeland Att'ys, PLLC*, 346 So. 3d 887, 896 (Miss. 2022). In the absence of an employment contract, "an employer or an employee may terminate an employment relationship." *Gibbs v. Porterville Water Ass'n Bd. of Dirs.*, 203 So. 3d 661, 665 (Miss. 2016). "Mississippi adheres to the common law doctrine of employment at will." *Id.*

The employment at-will doctrine is abrogated when (1) an employee is fired for reporting or refusing to participate in illegal activity in the workplace or (2) the employer gives its employees a handbook that outlines proceedings to be followed if an employee violates a company rule. *Id.* If, however, the employee handbook includes a disclaimer that nothing in it affects an employer's right to terminate the employee, the employee's at-will status remains intact. *Id.*

Defendants first contend that Ellis fails to state a claim for breach of contract because he was an "at-will" employee and its employee handbook did not create an employment contract between Ellis and FTC. Docket No. 18 at 6. Second, they argue that Ellis did not plausibly allege that he was terminated for reporting and refusing to allow other employees to engage in criminal conduct. *Id.* at 7. Specifically, they say, because the conduct Ellis

complained of did not "warrant the impositions of criminal penalties," it cannot serve as a basis for a wrongful termination claim under *McArn*.

Defendants are correct in the first respect, but incorrect in the second.

**A. Breach of Contract**

Under Mississippi law, if an employee handbook contains a disclaimer that permits an employer to terminate its employees at-will, an employer can terminate its employees for a good reason, a wrong reason, or no reason at all. *See Bobbitt v. Orchard, Ltd.*, 603 So. 2d 356, 362 (Miss. 1992); *S. Farm Bureau Life Ins. v. Thomas*, 299 So. 3d 752, 756 (Miss. 2020); *Gibbs*, 203 So. 3d at 666; *Cosby v. Vicksburg Healthcare, LLC*, No. 5:11-CV-159-KS-MTP, 2013 WL 2149705, at *15 (S.D. Miss. May 16, 2013). FTC's handbook contained such a disclaimer; thus, it could legally terminate Ellis with or without cause.

Furthermore, under Mississippi law "when the handbook expressly disclaims the existence of a contract, no contractual obligations arise between employers and employees." *Leal v. Univ. of S. Miss.*, 296 So. 3d 660, 666 (Miss. 2020). FTC's employee handbook contains two disclaimers that the policies provided therein "do not create any contract of employment between the employee and [FTC]." Docket No. 17-1 at 12 and 13. Under Mississippi law, it would seem that FTC's handbook is not an employment contract.

Nevertheless, viewing the facts in a light most favorable to Ellis, he did not plead that FTC's handbook, alone, established an employment contract between the two. He asserts that his written employment contract is composed of a *number of documents*. That includes FTC's handbook and his signed compensation sheet. If his employment contract is limited to those two documents, that is not enough to state a claim for breach of contract. Likewise, blanketly saying the contract involved binding promises that defendants breached, without specifying

those terms in the complaint, is not enough. And Ellis's note that discovery will reveal the precise contours of his contractual rights, similarly, does not support a facially plausible claim for breach of contract.

On its face, Ellis's complaint fails to state a claim of breach of contract and is dismissed without prejudice. His request for leave to amend, however, is well-taken. He may amend his complaint in accordance with this ruling.

**B. *McArn* Wrongful Termination**

Next, defendants argue that since Ellis "does not plausibly allege[] that he complained about or refused to engage in conduct" that was actually illegal, his *McArn* claim should be dismissed.

An at-will employee "who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993). The act reported or refused "itself must be criminal to implicate the exception." *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 404 (5th Cir. 2005).

At this stage, Ellis has pleaded factual content sufficiently alleging that the defendants are liable under *McArn*. Ellis claims that the Alexanders were improperly treating personal expenses as business expenditures, in violation of tax laws. These included expensing a $2,800 spa day, alcohol, travel, and other personal charges. That is illegal. *See, e.g.*, 18 U.S.C. § 371; 26 U.S.C. § 7206; *United States v. Herman*, 997 F.3d 251, 261 (5th Cir. 2021); *United States v. Burdett*, No. CR 20-139, 2021 WL 1063067, at *9 (E.D. La. Mar. 19, 2021).

Defendants press that Ellis must recall his LLM in Tax Law to delineate the specific codes they violated. The Supreme Court, however, holds that the pleading Rules "do not

countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (collecting authorities).

Viewing the allegations in the light favorable to Ellis, he has sufficiently pleaded a claim of *McArn* wrongful termination.

**IV. Conclusion**

The *Motion* is granted in part and denied in part. Ellis may amend his complaint in accordance with this Order.

**SO ORDERED**, this the 23rd day of August, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE